UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| DANA MICHELLE FLIPPO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 7:20-cv-01298-LSC-GMB |
| | ) | |
| WARDEN CHAD GARRETT, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

The petitioner initiated this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 by filing a completed § 2241 habeas corpus form and a pleading styled "Complaint and Request for Preliminary Injunction and TRO." Doc. 1.   She challenges the Bureau of Prisons' determination that she is not eligible for release to home confinement under the CARES Act.[1]  Doc. 1.   This action is before the Magistrate Judge for a report and recommendation. *See* 28 U.S.C. § 636(b).

### I. BACKGROUND

The petitioner is incarcerated in FCI Aliceville, in Aliceville, Alabama, where she is serving a 121-month sentence for drug convictions. *United States v Flippo*,

---

[1] The CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (to be codified at 18 U.S.C. § 3621), provides for home confinement as an alternative to incarceration if certain conditions are met.

1:16-cr-451-AKK-GMB (N.D. Ala.), Doc. 83. The petitioner alleges that certain "conditions of confinement . . . pose a risk of serious damage to her health." Doc. 1 at 2. The petitioner states that her Body Mass Index is 30+, she has hepatitis B, and she has been a smoker for many years. Doc. 1 at 7. She requests immediate release to home confinement. Doc. 1 at 9.

On April 27, 2020, the petitioner filed a motion for compassionate release and relief pursuant to the First Step Act in case number 1:16-cr-451-AKK-GMB, alleging many of the same grounds alleged in her present petition. *United States v Flippo*, 1:16-cr-451-AKK-GMB (N.D. Ala.), Doc. 115. On July 22, 2020, the petitioner supported the motion by filing the same complaint she attached to this § 2241 habeas petition. *Id*. at Doc. 125. On September 30, 2020, the petitioner filed a civil action pursuant the Federal Tort Claims Act ("FTCA") and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), again alleging many of the same grounds stated in her present petition. *See Flippo v. Chad Garrett, et al.*, No. 7:20-cv-1510-LCB-GMB (N.D. Ala.), Doc. 1. The motion and civil action remain pending.

## II. PROCEDURAL HISTORY

In response to the court's order to show cause, the respondent asserted that the petitioner cannot obtain relief pursuant to § 2241 because courts lack the authority to place a prisoner in home confinement under the CARES Act, but noted

that an alternative avenue for relief—*i.e.*, compassionate release under 18 U.S.C. § 3582(c)(1)(A)—does exist. Doc. 5. The petitioner responded that the prison has disregarded Attorney General Barr's directive in deliberate indifference to the impacted inmates' rights. Docs. 1 at 7–8 & 7 at 2–4. Thus, the petitioner asks this court to compel the administration of FCI Aliceville to release her to home confinement. Doc. 1 at 9.

### III. DISCUSSION

### A.    Authority under the CARES Act

The writ of habeas corpus is limited to challenges to the fact of confinement—*i.e.*, petitions seeking immediate or accelerated release. *See Prieser v. Rodriguez*, 411 U.S. 475, 485–86 (1973). Therefore, a "prisoner sentenced by a federal court . . . may file a petition for a writ of habeas corpus to challenge the execution of his sentence, such as the deprivation of good-time credits or parole determinations." *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1092–93 (11th Cir. 2017). However, courts are divided on whether § 2241 is the proper route for claims seeking release to home confinement under the CARES Act and First Step Act. For example, in *Savage v. Warden of FCI Pekin*, 2020 WL 4060768, *2 (C.D. Ill. July 20, 2020) (citations omitted), the court held that these claims are challenges to the location of confinement, which fall within the realm of a condition of confinement, and thus require dismissal when alleged in a § 2241 petition. In

contrast, *in Dunning v. United States*, 2020 WL 2500220, *1 (N.D. Ala. May 6, 2020), the court found that a motion seeking relief under the CARES Act and the First Step Act should be construed as a petition under § 2241.

Here, the court finds that the petitioner's claims relating to the BOP's refusal to release her to home confinement are best characterized as challenges to the execution of her sentence, and therefore that her petition is cognizable under 28 U.S.C. § 2241. *See id.*  However, a finding that this petition may be considered under § 2241 does not compel the conclusion that the petitioner has remedy available under that statute.  In fact, prisoners have no constitutional right to be released before the expiration of a valid sentence. *United States v. Calderon*, 801 F. App'x 730, 732 (11th Cir. 2020) (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)).  For this reason, the petitioner has no enforceable constitutional right to be released to home detention.

The CARES Act does not alter the constitutional analysis.  Nothing in the Act grants to the district courts the authority to release federal prisoners to home confinement.  The home confinement provisions are as follows:

> (2) **Home confinement authority**.—The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

18 U.S.C. § 3624(c)(2).   In response to the COVID-19 outbreak and as one component of the CARES Act, Congress expanded the BOP's home confinement authority:

> During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

CARES Act, § 12003(b)(2), Pub. L. No. 116-136.   On April 3, 2020, Attorney General William Barr issued a memorandum making the requisite finding and instructing the BOP to identify vulnerable inmates to be considered for home confinement based on a non-exhaustive list of discretionary factors. *See, e.g., United States v. Young*, 2020 WL 4678408 (S.D. Ala. Aug. 12, 2020).

Even under the CARES Act, the BOP has exclusive jurisdiction to decide whether to place a prisoner under extended home confinement. *United States v. Alvarez*, 2020 WL 2572519, *2 (S.D. Fla. May 21, 2020).   "The CARES Act did not remove the exclusive authority of the BOP to designate the place of an inmate's confinement.   The Attorney General—and by delegation the BOP—has exclusive authority and discretion to designate the place of an inmate's confinement." *United States v. Phillips*, 2020 WL 2219855, *1 (M.D. Fla. May 7, 2020) (citation and internal quotation marks omitted); *see also* 18 U.S.C. § 3624(c)(4) ("Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the

5

Bureau of Prisons under section 3621."); 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.").  "While the CARES Act gives the BOP broad discretion to *expand* the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision." *Alvarez*, 2020 WL 2572519, at *2 (citation and internal quotation marks omitted); *see also Brown v. Att'y Gen.*, 2020 WL 4582732, at *2 (M.D. Fla. Aug. 10, 2020) (holding the same in an order on a petition pursuant to § 2241); *United States v. Roberts*, 2020 WL 4597311, *2 (W.D.N.C. Aug. 11, 2020) (holding pursuant to motion filed in the underlying criminal action that "nothing in the CARES Act gives the Court a role in determining … candidates" for home confinement) (citing *United States v. Caudle*, 740 F. App'x 364, 365 (4th Cir. 2018)); *McCarson v. Reherman*, 2020 WL 2110770 (D.S.C. May 4, 2020) (holding pursuant to a § 2241 petition that "while the CARES Act affords the BOP broad discretion during the COVID-19 pandemic, the court lacks jurisdiction to order home confinement for [the petitioner] under this provision").

For these reasons, the Magistrate Judge finds that the CARES Act does not provide the court with the authority to grant petitioner's requested relief pursuant to § 2241.

**B.      Alternative Grounds for Relief**

Pursuant to 18 U.S.C. § 3621(b), the BOP "shall designate the place of the prisoner's imprisonment." *See Tapia v. United States*, 564 U.S. 319, 331 (2011) ("A sentencing court can recommend that the BOP place an offender in a particular facility or program . . . [b]ut decision making authority rests with the BOP.").  The petitioner does not argue that this court, acting pursuant to her § 2241 habeas petition, could recommend that the BOP release her to home confinement or compassionate release, and at any rate the court lacks the authority to compel the BOP to do so.

While some district courts have held that the denial of home confinement or compassionate release challenges the execution of a sentence, and thus these issues are properly raised under 28 U.S.C. § 2241, those courts have recognized that no habeas relief is available. *See, e.g.*, *Bolze v. Warden, FCC Coleman Low*, 2020 WL 3610766, *2 (M.D. Fla. July 2, 2020); *Dunning*, 2020 WL 2500220, at *1 (finding that a "motion [brought under the CARES Act and First Step Act] should be construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241"). Rather, courts reaching the merits of these claims have done so when presented with motions filed in the underlying criminal proceedings. *See, e.g.*, *United States v. Graham*, 2020 WL 5203550 (M.D. Fla. Sept. 1, 2020); *U.S. v. Seyfried*, 2020 WL 3259535, at *2 (S.D. Ga. June 16, 2020); *United States v. Buck*, 2020 WL 3490609,

at *1 (S.D. Ala. June 26, 2020); *United States v. Tirado*, 2020 WL 4473432, *4 (M.D. Pa. Aug. 4, 2020).

A recommendation under 18 U.S.C. § 3621(b)(4) for placement in home confinement must originate from "the court that imposed the sentence."  Similarly, upon motion of the BOP or a defendant after exhausting administrative remedies, the compassionate release statute, as amended by the First Step Act, authorizes a sentencing court to reduce the defendant's term of imprisonment for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A).  The petitioner must pursue a claim for relief under either statute by filing a motion in her underlying criminal case. *See, e.g.*, *United States v. Chambliss*, 948 F.3d 691, 693–94 (5th Cir. 2020) (discussing the factors a sentencing court may consider in recommending confinement options); *Arnold*, 2020 WL 2425731, at *1 (holding that a motion for compassionate release must be filed with the sentencing court).  The petitioner has already filed such a motion in the sentencing court.   Furthermore, the petitioner may pursue her civil rights and FTCA claims for damages and injunctive relief in the case she recently filed in this district.

For these reasons, this Magistrate Judge finds that § 2241 does not provide the court with the authority to alter the location of the petitioner's confinement or otherwise provide the petitioner with her requested relief, and that this petition therefore is due for dismissal.

## IV. RECOMMENDATION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for a writ of habeas corpus be DISMISSED WITHOUT PREJUDICE.

## V. NOTICE OF RIGHT TO OBJECT

Any party may file specific written objections to this report and recommendation.  Any objections must be filed with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered. Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objecting.  Objections also should specifically identify all claims contained in the petition that the report and recommendation fails to address.  Objections should not contain new allegations, present additional evidence, or repeat legal arguments.  An objecting party must serve a copy of its objections on each other party to this action.

Failing to object to factual and legal conclusions contained in the magistrate judge's findings or recommendations waives the right to challenge on appeal those same conclusions adopted in the district court's order.  In the absence of a proper objection, however, the court may review on appeal for plain error the unobjected to factual and legal conclusions if necessary in the interests of justice. 11th Cir. R. 3-1. An objecting party must serve a copy of its objections on each other party to this

action.

Upon receipt of objections, a United States District Judge will make a de novo determination of those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the findings of fact and recommendations made by the magistrate judge. The district judge must conduct a hearing if required by law. Otherwise, the district judge may exercise discretion to conduct a hearing or otherwise receive additional evidence. Alternately, the district judge may consider the record developed before the magistrate judge, making an independent determination on the basis of that record. The district judge also may refer this action back to the magistrate judge with instructions for further proceedings.

A party may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may only appeal from a final judgment entered by a district judge.

DONE and ORDERED on November 23, 2020.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE